The Honorable Thomas G. Baker State Representative 124 Lawrence Road 532 Alicia, Arkansas 72410-9066
Dear Representative Baker:
This is in response to your request for an opinion on whether the following facts constitute a violation of the Arkansas Constitution or any statute of this state:
 The Portia City Council, in January 1997, separated the position of recorder/treasurer/water clerk for the City of Portia and voted to hire a separate water clerk. One of the sitting council members was hired for that new position.
It is my opinion that in all likelihood this situation runs afoul of A.C.A. § 14-42-107(a) which provides as follows:
 (a)(1) No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected.
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
If the position of "water clerk" was created during the council member's term of office, or the emoluments or salary of the office increased during his term, the council member is prohibited from accepting the position during his term of office or one year thereafter.[1] Even if the position was not created during his term, or the emoluments increased during his term, the council member may not be appointed to any municipal office during the time for which he shall have been elected. See A.C.A. § 14-42-107(a)(2). Assuming the position of "water clerk" is an office, a sitting council member may not be appointed to the position during his term.
There is at least one exception to these provisions in the relevant subtitle. Any member of the governing body may be appointed to fill avacancy in a municipal office which is authorized by state law to be filled by appointment of the city or town council. You have not indicated that the filling of a vacancy is at issue here, however, and in any event, it does not appear that the position of "water clerk" is one "authorized by state law" to be filled by appointment of the city council. To my knowledge, the position of "water clerk" is not governed or addressed by state law, but is rather subject to local legislative authority.
It is therefore my opinion, barring any unknown facts, and assuming that the position of "water clerk" is an "office," that A.C.A. § 14-42-107
would prohibit the appointment you mention.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This assumes that the position of "water clerk" is an "office" as specified in the statute. This is a question answerable only with reference to the all the facts governing the creation of the position.